UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME WATTS,

          Petitioner,

v.                                                         Case No. 26-cv-40-bhl

CHRIS STEVENS,

          Respondent.

## SCREENING ORDER

        On January 8, 2026, Petitioner Jerome Watts, a state prisoner currently incarcerated at Green Bay Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 and a motion for leave to appeal in forma pauperis.[1] (ECF Nos. 1 & 2.) Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Watts's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. The Court also considers whether the petitioner has filed within the statute of limitations period. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. §2244(d)(1)(A).

        Watts's petition is premature, as his state court docket shows that he is still in the process of exhausting his state court remedies. According to the publicly available docket for his case, Watts's Judgment of Conviction was docketed on June 20, 2023 and, on June 14, 2024, a notice

---

[1] Watts has thirteen cents in his prison account, according to his trust account statement. (ECF No. 5.) Accordingly, the Court finds he lacks sufficient funds to pay the $5.00 filing fee and will allow him to proceed without prepaying the filing fee.

of intent to pursue post-conviction relief was filed on his behalf. *See* Milwaukee County Case Number 2022CF002238, https://wcca.wicourts.gov (last visited Jan. 27, 2026). Briefing completed on December 1, 2025, and the case remains pending. *Id.* Watts's petition also acknowledges this. (ECF No. 1 at 3.)

The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court. *See* 28 U.S.C. §2254(b)(1)(A), (c). A habeas petitioner must have "fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner must assert each of his federal claims through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings, before proceeding to federal court. *See Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). This exhaustion requirement "serves an interest in federal-state comity by giving state courts the first opportunity to address and correct potential violations of a prisoner's federal rights." *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). When a petitioner has "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982). In this case, Watts is still in the process of pursuing postconviction relief in the state courts. Accordingly, the Court will dismiss Watts's petition without prejudice because he has not yet exhausted his state court remedies.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. §2253(c)(2), Watts must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurist could debate whether Watts has exhausted state remedies. As a consequence, the Court is compelled to deny a certificate of appealability as to Watts's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for writ of habeas corpus, ECF No. 1, is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to appeal *in forma pauperis*, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. The Clerk of Court is directed to enter judgment.

Dated at Milwaukee, Wisconsin on January 27, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge